Scott M. Kessler (SK 5510)
Brian A. Bloom (BB 5722)
Camille M. Miller (*pro hac vice* to be filed)
**COZEN O'CONNOR, P.C.**
909 Third Avenue, 17th Floor
New York, New York 10022
Telephone: 212.509.9400
Facsimile: 212.207.4938

-AND-

John W. MacPete (Texas Bar # 00791156)(*pro hac vice* to be filed)
Paul V. Storm (Texas Bar # 19325350)(*pro hac vice* to be filed)
Terrell Miller (Texas Bar # 24046446)(*pro hac vice* to be filed)
**STORM LLP**
901 Main St., Suite 7100
Dallas, Texas 75202
Telephone: 214.347.4700
Facsimile: 214.347.4799

*Attorneys for Plaintiffs*
*Quick Technologies, Inc. and Sage Software, Inc.*

RECEIVED
APR 30 2007
U.S.D.C. S.D. N.Y.
CASHIERS

JUDGE PATTERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUICK TECHNOLOGIES, INC. and SAGE SOFTWARE, INC., | |
| *Plaintiffs,* | 07 CV 3425 |
| v. | Case No.: |
| SAGE BUSINESS PRODUCTS, LLC, | **CIVIL COMPLAINT** |
| *Defendant.* | **JURY TRIAL DEMANDED** |
| | **ECF CASE** |

Plaintiffs QUICK TECHNOLOGIES, INC. ("Quick") and SAGE SOFTWARE, INC.

("Sage Software") (Quick and Sage Software are sometimes collectively referred to as the

"Plaintiffs") by and through their attorneys, Cozen O'Connor, P.C. and Storm LLP, file this,

their Civil Complaint for trademark infringement and cyberpiracy, against Defendant SAGE BUSINESS PRODUCTS, LLC, and respectfully allege as follows:

## PARTIES

1.     Plaintiff Quick is a corporation duly organized and existing under the laws of the State of Texas, with a principal office and place of business in Dallas County, Texas.

2.     Plaintiff Sage Software, Inc., formerly known as Best Software, Inc., is a corporation duly organized and existing under the laws of the Commonwealth of Virginia, with its principal office and place of business in Irvine, California.

3.     Defendant Sage Business Products, LLC is a Connecticut limited liability company with its principal place of business located at 128 Fitzgerald Road, Brooklyn, Connecticut 06234.   Defendant's sole member is Carmel Osterlund, who is a citizen and domicile of Connecticut.

## JURISDICTION AND VENUE

5.     Plaintiffs' claims for trademark infringement and cyberpiracy arise under federal law, specifically 15 U.S.C. §§ 1114 and 1125, and this Court has subject matter jurisdiction over those claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

6.     The Court has personal jurisdiction over the Defendant because, as fully alleged herein: (i) Defendant conducts business within the State of New York and, upon information and belief, within this judicial district; (ii) Defendant has committed acts of trademark infringement and cyberpiracy in whole or in part, in the State of New York and, upon information and belief, within this judicial district; and (iii) the claims asserted against the Defendant herein arise out of and relate to these same acts. *See* N.Y. C.P.L.R. § 302.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) as a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

8.     Exercise of jurisdiction in this suit comports with the due process requirements of the United States Constitution.

## QUICK'S TRADEMARKS

9.     Quick has used and continues to use a family of trademarks consisting of or including the word SAGE in promoting and identifying its goods and services in interstate commerce. The family of marks includes SAGE (U.S. Reg. No. 2240550), SAGE (U.S. Reg. No. 2880566), and SAGE INFORMATION SYSTEM (U.S. Reg. No. 2143828) (these three marks are sometimes collectively referred to herein as the "SAGE Trademarks").

10.     Quick compiles, updates and makes available to its customers in the promotional products industry a variety of products and services. One such service, SAGE-Online, consists of a searchable database of information and services relating to promotional products. Quick's customers access the online database remotely, which allows them to locate, view and evaluate promotional products offered by a large number of different vendors. In addition, Quick offers a service that allows Quick's customers to give their own customers (i.e., end users) access to Quick's database of promotional products through a SAGE branded web-store wherein customers can purchase promotional products, request quotes and obtain more information. Quick also sells other SAGE-branded database and business solutions, including e-commerce services, email services, website hosting services, artwork design services, payment processing services, printed books of promotional products, and other solutions to customers in the

- 3 -

promotional products industry. Quick's name and marks, particularly the SAGE Trademarks, reach a broad and diverse public.

11.    Quick has used marks consisting of or including the word SAGE since at least as early as January 12, 1992, and continuously since that date throughout the United States.

12.    On May 17, 1995, Quick filed an application for the service mark SAGE INFORMATION SYSTEM with the United States Patent and Trademark Office ("PTO"). The application issued on March 17, 1998 as Service Mark Registration No. 2,143,828 (the "'828 Registration"). Quick first used the mark SAGE INFORMATION SYSTEM in interstate commerce at least as early as January 1992. The '828 Registration remains in full force and effect today and is incontestable.

13.    On January 20, 1998, Quick filed an application for the service mark SAGE with the PTO. The application issued on April 20, 1999 as Service Mark Registration No. 2240550 (the "'550 Registration"). Quick first used the mark SAGE in interstate commerce at least as early as January 1992. The '550 Registration remains in full force and effect today and is incontestable.

14.    On November 18, 1998, Quick filed an application for the trademark SAGE with the PTO. The application issued on September 7, 2004 as Trademark Registration No. 2880566 (the "'566 Registration"). Quick first used the mark SAGE in interstate commerce at least as early as January 1992. The '566 Registration remains in full force and effect today.

15.    Based on Quick's long and continuous promotion and advertising of its products and services under the SAGE Trademarks and the extensive sale and the wide popularity of Quick's products and services in the promotional products industry, the SAGE Trademarks have developed a secondary meaning and significance in the minds of the purchasing public.

Members of the promotional products industry readily identify and associate products and services bearing the SAGE Trademarks as originating from Quick.

16.    On February 18, 2005, Quick assigned its rights to the SAGE Trademarks to Sage Software.  As part of that transaction, Sage Software licensed the SAGE Trademarks back to Quick for continued use in the promotional products industry.

17.    The SAGE Trademarks, as well as the goodwill of Quick's business in connection with the SAGE Trademarks, have been and continue to be used and have never been abandoned. Plaintiffs fully intend to continue to preserve and maintain their rights with respect to the SAGE Trademarks.

## DEFENDANTS' INFRINGING ACTIVITIES

18.    Long after Quick's adoption and use of the SAGE Trademarks and after Quick filed the applications for the SAGE Trademarks, Defendant, on information and belief, commenced, no earlier than 1999, the use of the word SAGE in interstate commerce in connection with the promotion and marketing of its promotional products and business forms business.  The use of the SAGE mark includes Defendant's business name, "Sage Business Products, LLC;" its worldwide presence on the Internet; its use of the domain name "sagebusinessproducts.com;" and its operation of an online store, which includes a database of promotional products and business forms for sale over the Internet.  Certain of Quick's products and services are marketed and sold through intermediaries to end users of promotional products, which is the same market segment to which Defendant markets and sells its promotional products.  Moreover, Defendant is listed in the Promotional Products Association International Directory and the Universal Promotional Industry Code ("UPIC") database, both of which have

- 5 -

national distribution and are likely to cause confusion with Quick, who is also in both the directory and the database.

19.     Quick's actual use and constructive use of the SAGE Trademarks are earlier than any use or right of Defendant in such marks in the United States.

20.     SAGE is a strong distinctive trademark when applied to Plaintiffs' goods and services. Because Quick adopted used, and applied for registration of the SAGE Trademarks in the United States before Defendant's use of the marks, Defendant has no ownership or right to use the marks. Defendant's use of SAGE and of names and marks containing SAGE for goods and services, constitutes clear and willful infringement of Plaintiffs' rights.

21.     Upon information and belief, the use of SAGE by Defendant was commenced and continued with actual or at least constructive knowledge of Plaintiffs' rights and with the intent to deprive Plaintiffs of the benefits of the established mark SAGE.

22.     Defendant is not now, nor has it ever been, associated, affiliated or connected with, or endorsed or sanctioned by Sage Software or Quick.

23.     Defendant's actions are not now, nor have they ever been endorsed, sanctioned, ratified, or affirmed by Sage Software or Quick.

24.     Quick has previously attempted to resolve this infringement matter without court intervention, but has been unable to attain a resolution due to Defendant's numerous requests for extensions of time and outright failures to respond.

**CAUSES OF ACTION**

**COUNT I**

**FEDERAL TRADEMARK INFRINGEMENT**

25.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 24 hereof, as if fully set forth herein.

26.     Upon information and belief, Defendant has infringed Plaintiffs' SAGE Trademarks in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion, and advertising of promotional products and business forms under the name SAGE of a type closely related to the type of products and services offered by Quick, the registration of the domain name, "sagebusinessproducts.com," and the operation of an Internet web site, prominently displaying, advertising, and promoting promotional products and business forms under the SAGE mark.

27.     SAGE is a strong distinctive trademark, which has acquired secondary meaning, when applied to Plaintiffs' goods and services.  The goods and services offered by Defendant under the name and mark SAGE are closely related, although not identical, to the goods and services offered by Quick under the name and mark SAGE, thus creating at least a likelihood of confusion in the marketplace.  This close relationship is further evidenced by the fact that Defendant is listed in both the Promotional Products Association International Directory and the Universal Promotional Industry Code database, which both have national distribution and are likely to cause confusion with Quick, who is also in both the directory and the database. Defendant's goods and services share the same channels for distribution and advertising means (including Internet web site and web store) as Quick's products and services.  Moreover, Quick sells SAGE branded promotional products catalogs to end-users through intermediaries, thereby

- 7 -

augmenting and increasing the utility of the SAGE applications offered by Quick. As such, Defendant's commercial field of use of the name and mark SAGE are within the area of legitimate, normal expansion of Quick's use of SAGE. By occupying this field, Defendant has improperly restricted and infringed upon Quick's trademark rights.

28.    On information and belief, the activities of Defendant complained of herein constitute infringement of Plaintiffs' registered trademarks under 15 U.S.C. § 1114(1) and are in total and willful disregard of Plaintiffs' rights.

29.    The marketing and sale by Defendant of goods and services not associated with Quick, has been without the consent of Quick, is likely to cause confusion and mistake in the minds of the purchasing public in the promotional products industry, and in particular, tends to and does falsely create the impression that the goods and services sold by Defendant are warranted, authorized, sponsored, and approved by Quick when, in fact, they are not.

30.    The acts of Defendant complained of herein have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Quick's business, reputation, and good will, and will damage Plaintiffs' interests in the federally registered trademarks.

31.    Plaintiffs have no adequate remedy at law.

## COUNT II

### FALSE DESIGNATIONS OF ORIGIN, FALSE DESCRIPTIONS AND REPRESENTATIONS

32.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 31 hereof, as if fully set forth herein.

33.    This claim arises under 15 U.S.C. § 1125(a) and alleges the use in interstate commerce of false designations of origin and false descriptions and representations.

- 8 -

34.    Defendant has affixed, applied, or used in connection with its sale or offer for sale of goods and services false designations of origin and false descriptions and representations, which tend falsely to describe or represent such goods.    Defendant has distributed its unauthorized goods and services under names that falsely suggest that the goods and services of Defendant are connected, sponsored or approved by Quick.    Defendant has caused its unauthorized goods and services to enter into interstate commerce with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiffs.

35.    The false designations of origin and false descriptions and representations by Defendant of goods and services not associated with Quick, has been without the consent of Quick, is likely to cause confusion and mistake in the minds of the purchasing public, and in particular, tends to and does falsely create the impression that the goods and services sold by Defendant are warranted, authorized, sponsored, and approved by Quick when, in fact, they are not.

36.    The acts of Defendant complained of herein have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Quick's business, reputation and good will, and will damage Plaintiffs' interests in the federally registered trademarks.

37.    Plaintiffs have no adequate remedy at law.

NEWYORK_MIDTOWN\617649\1 203301.000

## COUNT III

## CYBERPIRACY

38.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 37 hereof, as if fully set forth herein.

39.    This claim arises under 15 U.S.C. § 1125(d) and alleges that the registration and use in commerce of the domain name, "sagebusinessproducts.com," by Defendant constitutes cyberpiracy against Plaintiffs.

40.    Plaintiffs have not authorized Defendant to use the SAGE Trademarks within any Internet domain name, or as a portion of any Internet domain name.

41.    Upon information and belief, Defendant registered the infringing domain name, "sagebusinessproducts.com," on or about September 8, 2003.    This date of registration is approximately eight years after Quick's first application for registration of a SAGE mark, and approximately five years after Quick's last application for registration of a SAGE mark.

42.    At the time of Defendant's registration of the "sagebusinessproducts.com" domain name, the SAGE Trademarks were distinctive and Defendant had or should have had actual or constructive notice of Quick's rights to the SAGE Trademarks.

43.    Plaintiffs are informed and believe and on that basis allege that Defendant has used and continues to use the infringing domain name, "sagebusinessproducts.com."

44.    Defendant's infringing domain name, "sagebusinessproducts.com," is confusingly similar to the SAGE Trademarks.

45.    Plaintiffs are informed and believe and on that basis allege that Defendant registered, used, and continue to use the infringing domain name, "sagebusinessproducts.com,"

to divert Quick's consumers and potential consumers to a site accessible under said infringing domain name for Defendant's commercial gain.

46.    Defendant's actions evidence a bad faith intent to profit from Plaintiffs' SAGE Trademarks.

47.    The acts of Defendant complained of herein have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Quick's business, reputation and good will, and will damage Plaintiffs' interests in the federally registered trademarks.

48.    Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Sage Software Inc. and Quick Technologies, Inc. request that Defendant Sage Business Products, LLC be cited to appear and answer, and that the Court order the following relief:

A.    That the Court, upon hearing, enter a preliminary injunction, and, at trial, enter a permanent injunction ordering that Defendant, its agents, servants, employees, and all other persons in privity or acting in concert with Defendant be enjoined and restrained during the pendency of this action and permanently thereafter:

(i)    From using any of Plaintiffs' trademarks, including the SAGE Trademarks, or any mark confusingly similar thereto in connection with the sale of any unauthorized services;

(ii)    From using any trade name or trademark which may be calculated to falsely represent or which has the effect of falsely representing the services or products of

- 11 -

Defendant or of third parties are sponsored by, authorized by, or in any way associated with any Plaintiff;

      (iii)    From infringing any of the registered SAGE Trademarks;

      (iv)    From falsely representing itself as being connected with any Plaintiff or sponsored by or associated with any Plaintiff or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that Defendant is associated with any Plaintiff;

      (v)    From using any reproduction, counterfeit, copy or colorable imitation of the SAGE Trademarks in connection with the publicity, promotion, sale or advertising of goods and services sold by Defendant;

      (vi)    From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being those of any Plaintiff and from offering such goods in commerce.

      (vii)    From using an Internet domain name that includes the letters SAGE, in particular "sagebusinessproducts.com."

B.    That Defendant be required to account to Plaintiffs for all profits and damages resulting from Defendant's infringing activities and that the award to Plaintiffs be increased as provided for under 15 U.S.C. § 1117.

C.    That Defendant be ordered to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in its possession bearing the name or mark that includes the letters SAGE as provided for under 15 U.S.C. § 1118.

NEWYORK_MIDTOWN\617649\1 203301.000

D.    That Defendant be ordered to transfer "sagebusinessproducts.com" and any confusingly similar domain names to Quick.

E.    That any injunction issued include a provision directing Defendant to file with the Court and serve on Plaintiffs within thirty (30) days after the service of such injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction as provided for in 15 U.S.C. § 1116(a).

F.    That Plaintiffs recover from Defendant the costs of this action and Plaintiffs' reasonable attorneys' fees, costs and disbursements.

G.    That Plaintiffs have all other and further relief as the Court may deem just and proper under the circumstances.

NEWYORK_MIDTOWN\617649\1 203301.000

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury in the above-entitled action on all causes of action so triable.


Dated this 30th day of April 2007.

Respectfully submitted,

_____
Scott M. Kessler (SK 5510)
Brian A. Bloom (BB 5722)
Camille M. Miller (*pro hac vice* to be filed)
**COZEN O'CONNOR, P.C.**
909 Third Avenue, 17th Floor
New York, New York 10022
Telephone: 212.509.9400
Facsimile: 212.207.4938

-AND-

John W. MacPete (Texas Bar # 00791156)
Paul V. Storm (Texas Bar # 19325350)
Terrell Miller (Texas Bar # 24046446)
**STORM LLP**
901 Main St., Suite 7100
Dallas, Texas 75202
Telephone: 214.347.4700
Facsimile: 214.347.4799

*Attorneys for Plaintiffs*
  *Quick Technologies, Inc., and*
  *Sage Software, Inc.*

- 14 -